IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FMC INTERNATIONAL A.G., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-04-3896 |
| § | |
| ABB LUMMUS GLOBAL, INC., and § | |
| ABB LUMMUS GLOBAL, INC./ § | |
| GROOTINT B.V. JOINT VENTURE, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER GRANTING**
**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court[1] is Defendants ABB Lummus Global, Inc.'s and the JV's Motion for Partial Summary Judgment (Document No. 21), in which Defendants seek summary judgment on Plaintiff's "Confidential Documents" claim in this case. Having considered the motion, Plaintiff's response in opposition (Document No. 30), Defendants' reply in further support (Document No. 32), Plaintiff's response to the reply (Document No. 33), the summary judgment evidence, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendants' Motion for Partial Summary Judgment is GRANTED.

I.   **Introduction and Procedural History**

Plaintiff FMC International A.G. ("FMC") and ABB Lummus Global, Inc. ("ABB"), and ABB Lummus Global, Inc./Grootint B.V. Joint Venture ("JV") entered into an agreement for the construction of two manifolds which were to be incorporated into an offshore oil platform. Disputes

---

[1] On April 21, 2005, pursuant to the parties' consent, the case was transferred to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 19.

arose between the parties regarding the fabrication and the payment therefor. Suit was filed by FMC against ABB and JV in state court, alleging various causes of action, including misappropriation of trade secrets and trade secret theft. Following removal of the case to this court, ABB and JV filed a motion for partial summary judgment on the trade secret claims. The basis of those claims are that the defendants knowingly allowed unauthorized third parties access to FMC's "confidential, trade secret, and proprietary documents."[2] FMC alleges that these unauthorized disclosures caused FMC to suffer injury totaling in the millions of dollars and is suing the Defendants based on the common-law tort of misappropriation of trade secrets and the Texas statutory crime of trade secret theft.

In Defendants' Motion for Summary Judgment on FMC's "Confidential Documents" claims, Defendants first argue that Plaintiffs do not dispute summary judgment against their breach of contract, negligence, fraud, and negligent misrepresentation claims. With respect to Plaintiff's trade secrets misappropriation claim, Defendants maintain that the parties' duties and liabilities are determined entirely by the purchase order, and therefore all disputes should be governed by the contract. Furthermore, Defendants argue that the purchase order prohibits the recovery of lost profits, the sole remedy sought by the Plaintiffs. In addition, Defendants deny the existence of a "confidential relationship" with the Plaintiffs that imposes any outside tort duties inconsistent with the terms of the purchase order. Irrespective of the nature of the relationship, Defendants maintain that Plaintiffs cannot show that they have any trade secrets which have been misappropriated. Finally, with respect to theft of trade secrets under the Texas Theft Liability Act, Defendants argue that there is no factual evidence to support Plaintiff's claims.

In response to Defendants' Motion for Summary Judgment on the breach of contract,

---

[2] FMC International A.G.'s and FMC Technologies, Inc.'s Tenth Amended Original Petition at 8.

negligence, fraud, and negligent misrepresentation claims, Plaintiff states that "Defendants never met its [their] summary judgment burden."[3] Plaintiffs maintain that Defendants "wrongly seek judgment on additional claims."[4] In other words, these claims are not related to their "Confidential Documents" claim. Rather, Plaintiffs are suing for misappropriation of trade secrets and theft under the Texas Theft Liability Act. Plaintiffs argue that the purchase order does not govern their misappropriation of trade secrets claim. Instead, Plaintiffs maintain that their tort claims are separate and independent from the contract. Plaintiffs further argue that a confidential relationship existed between the parties, imposing a duty of non-disclosure on the Defendants. Plaintiffs allege that Defendants breached this duty by misappropriating trade secrets. As for damages, Plaintiffs claim that the section of the purchase order that limits damages does not apply, or, alternatively, it is void for reasons of public policy. Finally, with respect to Plaintiffs' statutory claim, Plaintiffs maintain, without any factual or evidentiary support, that they have "sufficiently plead the essential elements of this theory of recovery."

## II.     Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This standard provides that the mere existence of some factual dispute will not defeat a motion for summary

---

[3] FMC International A.G.'s and FMC Technologies, Inc.'s Response to ABB and the J.V.'s Motion for Partial Summary Judgment Against Plaintiff's "Confidential Documents" Claim at 7.

[4] *Id.*

judgment. *See Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993); *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir. 1992). Rather, Rule 56 mandates that the fact dispute be genuine and material. *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 314 (5th Cir. 1995). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (*citing United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)); *Kelley v. Price Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir. 1993); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986). Once this burden has been met, the non-moving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250. The non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Once the parties have submitted evidence of contradictory facts, justifiable inferences are to be drawn in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255.

Even if the standards of Rule 56 are met, a court may deny a motion for summary judgment if, in its discretion, it determines that "a better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 257; *Veillon v. Exploration Services, Inc.,* 875 F.2d 1197, 1200 (5th Cir. 1989).

### III. Discussion

#### A. Misappropriation of Trade Secrets

To establish trade secret misappropriation under Texas law, a plaintiff must demonstrate (1) the existence of a trade secret, (2) the trade secret was acquired through breach of confidential relationship or discovered by improper means, (3) the use of a trade secret without authorization from the plaintiff, and (4) damages. *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1123 (5th Cir.1991), *aff'd*, 505 U.S. 763, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992); *H.E. Butt Grocery Co. v. Moody's Quality Meats, Inc.*, 951 S.W.2d 33, 34 (Tex.App.1997). Because Plaintiffs fail to establish the existence of a trade secret, it is not necessary for the Court to address the other elements of this claim.

##### 1. Defining a Trade Secret

In order to establish trade secret misappropriation under Texas law, first and foremost, Plaintiffs must demonstrate the existence of a "trade secret"; the definition of this term is therefore crucial and is based on several factors. A trade secret is defined as any formula, pattern, device, or compilation of information used in a business, that gives the owner an opportunity to obtain an advantage over competitors who do not know or use it. *Phillips v. Frey*, 20 F.3d 623, 628 (5th Cir.1994); *Taco Cabana*, 932 F.2d at 1123. "It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers." *Chandler v. Mastercraft Dental Corp. of Tex. Inc.*, 739 S.W.2d 460, 468 (Tex.App.1987, writ denied). It is a process or device for continuous use in the operation of a business. *Id.*

Texas law requires that a trade secret be a "secret." *Zoecon Indus. V. American Stockman Tag Co.*, 713 F.2d 1174, 1179 (5th Cir.1983). The purported trade secret can neither be generally

known by others in the same business nor readily ascertainable by an independent investigation. *Id.* A process or device may be a trade secret, however, even when others can gain knowledge of the process from studying the manufacturer's marketed product. *Phillips*, 20 F.3d at 629. "The mere fact that such lawful acquisition is available does not mean that one may, through breach of confidence, gain the information in usable form and escape the efforts of inspection and analysis. The fact that a trade secret is of such nature that it can be discovered by experimentation or other fair and lawful means does not deprive its owner of the right to protection from those who would secure possession by unfair means." *K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 158 Tex. 594, 314 S.W.2d 782, 788 (1958) (internal quotations omitted); *see also Phillips*, 20 F.3d at 629 (citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974) (protection will be awarded to trade secret holder against disclosure or unauthorized use by those to whom secret has been confided, either under express or implied restriction of non-disclosure or by one who has gained knowledge by improper means)).

As defendants demonstrate, the trade secrets FMC is claiming are not easily cognizable.[5] It is fundamental that the Plaintiffs demonstrate the existence of a trade secret in order to succeed on their claim. *Taco Cabana*, 932 F.2d at 1123. Plaintiff's briefs claim that trade secrets were used in the construction of the Kizomba A project, but Plaintiffs fail to reveal the substance of these trade secrets for the Court. This lack of evidence is fatal to the Plaintiff's claim. Without disclosing even an idea as to their content, there is no way for the Court to determine whether the trade secrets actually exist. The non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 325. Plaintiffs claim that

---

[5] Defendant's Reply in Further Support of Motion for Partial Summary Judgment on FMC's "Confidential Documents" Claim at 6.

these trade secrets were developed over the course of numerous projects in the 1990's, but they neglect to offer any further specifics.[6]

Plaintiffs maintain, without any factual support, that their unique design knowledge, their confidential information, and their trade secrets were used in the Kizomba A project. This assertion, however, is contrary to the evidence. In his deposition, the FMC draftsman on the project testified that he did not need FMC proprietary knowledge in order to design the manifolds.[7] In other words, his work on the project did not contain any information exclusively used by the Plaintiffs. This lack of exclusivity further impairs Plaintiff's efforts to define the information as a trade secret. To be protected, a trade secret "must possess at least that modicum of originality which will separate it from everyday knowledge." *Phillips*, 20 F.3d at 628. (quoting *Cataphote Corp. v. Hudson*, 444 F.2d 1313, 1315 (5th Cir.1971)). Given the FMC draftsman's testimony, the information contained in the design of the project does not qualify as a trade secret.

Finally, Plaintiffs fail to put forth sufficient evidence that the information used in the design of the Kizomba A project was in fact a secret, as required by Texas law. *Zoecon Indus. V. American Stockman Tag Co.*, 713 F.2d 1174, 1179 (5th Cir.1983). The Kizomba A information, whether a trade secret or not, was given to Esso to be used for "any purpose whatsoever." Further, unlike in their dealings with the Defendants, Plaintiffs did not attach a confidentiality agreement when this same "trade secret" information was sent to Esso. As Defendants correctly point out, an owner of a trade

---

[6] FMC International A.G.'s and FMC Technologies, Inc.'s Response to ABB and the J.V.'s Motion for Partial Summary Judgment Against Plaintiff's "Confidential Documents" Claim at 4.

[7] *See* Exhibit 5 (Deposition of James Mlodzianowski, September 30, 2004) at 61-62.

secret will lose a trade secret if disclosed to another party "for any purpose whatsoever."[8] Therefore, summary judgment is warranted on FMC's misappropriation of trade secrets claim.

### B. Theft of Trade Secrets

Because FMC has come forth with no summary judgment evidence in support of any of its statutory claims, and no summary judgment evidence regarding the existence of a trade secret, Defendants are also entitled to summary judgment on FMC's claims under the Texas Theft Liability Act.

### C. Other Claims

Plaintiff's other claims, inasmuch as they relate to the "Confidential Documents" claims, present no genuine issue of material fact for the reasons stated herein. Defendants are also therefore entitled to summary judgment on FMC's other claims inasmuch as they relate to the disclosure of "Confidential Documents".

## IV. Conclusion and Order

Because Plaintiff FMC has not provided adequate evidence of a trade secret, no genuine issue of material fact remains as to at least one element of each of FMC's "Confidential Documents" claims, it is

ORDERED that Defendants' Motion for Summary Judgment (Document No. 21) is

---

[8] Defendant's Reply in Further Support of Motion for Partial Summary Judgment on FMC's "Confidential Documents" Claim at 7.

GRANTED, and Plaintiff's claims for misappropriation of trade secrets and statutory trade secret theft are dismissed. In addition, Plaintiff's claims for breach of contract, negligence, fraud, and misappropriation claim, which are premised on the disclosure of "confidential documents", are also dismissed.

      Signed at Houston, Texas, this 22nd day of July, 2005.

_____
Frances H. Stacy
United States Magistrate Judge