IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FMC INTERNATIONAL A.G. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| ABB LUMMUS GLOBAL, INC. | § | |
| and BANK ONE, N.A. | § | |
| | § | |
| Defendant, | § | CIVIL ACTION NO. H-04-3896 |
| | § | |
| ABB LUMMUS GLOBAL INC.; | § | |
| ABB LUMMUS GLOBAL INC./ | § | |
| GROOTINT B.V. JOINT VENTURE | § | |
| | § | |
| Counterplaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| FMC INTERNATIONAL A.G. | § | |
| | § | |
| Counterdefendant | § | |

MEMORANDUM AND ORDER

Pending is Defendant Heerema Zwinjdrecht BV's Special Appearance and Motion to Dismiss for lack of personal jurisdiction (Document No. 18). After reviewing the Motion to Dismiss, the responses, the parties' evidence, and the applicable law, the Court ORDERS, for the reasons set forth below, that Heerema's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 18) is GRANTED.

1

**I.     Background**

Esso Exploration Angola Limited (Esso) is constructing a deepwater development off the coast of Angola.  Esso contracted with ABB Lummus Global, Inc./Grootint B.V. Joint Venture, a joint venture between ABB Lummus Global, Inc. (ABB) and Heerema Zwinjdrecht BV (Heerema), formerly known as Grootint, to perform construction and fabrication.  The joint venture (JV), in turn, contracted with FMC International A.G. (FMC) to provide two manifolds.  In order to ensure performance, FMC caused an irrevocable stand-by letter of credit (LOC) worth more that 1.5 million dollars to be issued by Bank One N.A. to JV.  During the course of the fabrication JV issued several change orders.  Eventually JV owed FMC almost 25 million dollars, and JV's payments were in arrears by several million dollars.

In addition to withholding payment to FMC, JV also demanded that FMC extend the deadline of the LOC and threatened to draw on the LOC if the deadline was not extended.  When FMC received notice of JV's intention to draw on the LOC, it filed its original petition in state court and applied for a temporary restraining order to prevent JV from doing so, which was granted.  The parties agreed in mediation to extend the deadline of the LOC to cover the warranty period of the purchase order.  On February 22, 2003, JV presented the LOC along with a required certification to Bank One, who honored the LOC.  FMC alleges the certification that accompanied the LOC was fraudulent and malicious.  FMC also alleges that JV knowingly allowed unauthorized access via the internet to certain trade secrets and proprietary documents.  In total, FMC brings nine causes of action: breach of contract, quantum meruit, fraud and intentional/negligent misrepresentation, tortious interference, breach of confidentiality

agreement, misappropriation of trade secrets or confidential information, negligence and gross negligence, a federal RICO claim, and theft of trade secrets.

FMC filed this action in December 2002 against ABB and Bank One N.A. in the 133rd Judicial District Court in Harris County, Texas. Subsequently, FMC added Heerema and JV. The JV appeared and answered, but Heerema filed a special appearance contesting personal jurisdiction, which the state court did not rule on before the case was removed. On October 4, 2004 FMC filed its tenth amended petition, which alleged for the first time a federal cause of action under RICO. Two days later, FMC filed its Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Federal Question). On April 12, 2005, Heerema filed its special appearance contesting jurisdiction. It is this special appearance, and the Rule 12(b)(2) motion contained therein, that is currently before the Court for ruling.

## II. Standard of Review

When a defendant contests personal jurisdiction through a motion to dismiss without an evidentiary hearing, the plaintiff, in order to maintain the action against the defendant, must establish a prima facie case of personal jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Here, that means that FMC has the burden of establishing a prima facie case of personal jurisdiction over Heerema.

A prima facie case requires a showing that "the long-arm statute of the forum state confers personal jurisdiction over the defendant" and that "the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.

1993). When deciding whether to dismiss for lack of personal jurisdiction, uncontroverted facts are to be taken as true and conflicts in evidence are to be resolved in favor of the plaintiff. *See Alpine View Co.*, 205 F.3d at 215; *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)); *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). When unsupported allegations are controverted by affidavit or declaration, the facts contained in the affidavit or declaration are to be taken as true. *Travelers Indemnity Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), *modified on other grounds,* 836 F.2d 850 (5th Cir. 1988); *Diamond Offshore Co. v. A & B Builders, Inc.*, 75 F.Supp.2d 673, 674 (S.D. Tex. 1999).

### A. Long Arm Statute

The Texas long arm statute extends to the lengths of due process. *Ruston Gas Turbines, Inc.,* 9 F.3d at 418; *Guyton v. Pronav Ship Management, Inc.*, 139 F.Supp.2d 815, 817-18 (S.D. Tex. 2001). If the defendant does not challenge sufficiency or service of process, the court need only consider whether exercising jurisdiction over defendant is consistent with constitutional due process. *Ruston Gas Turbines, Inc.*, 9 F.3d at 418. In this case neither service nor sufficiency of process were challenged. Therefore the Court need only consider whether exercising jurisdiction comports with due process.

### B. Due Process

In order to satisfy due process, a plaintiff must establish both that the defendant has minimum contacts with the forum and that exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established in

either of two ways. In the first, known as general jurisdiction, the plaintiff must show that defendant had continuous and systematic contacts with the forum state, which need not be related to the cause of action. *See Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445 (1952) (stating that continuous and systematic activities such as directors' meetings, business correspondence, banking, stock transfers and others were sufficient to confer general jurisdiction). The other type is known as specific jurisdiction, and requires that plaintiff show that defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state and that plaintiff's cause of action arises from and relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Whether the plaintiff asserts that there is general or specific jurisdiction, the defendant may not be hailed into court as a result of "random, fortuitous, or attenuated" contacts. *Burger King Corp.*, 471 U.S. at 486 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)).

  Specific jurisdiction exists if the cause of action relates to the defendant's contact with the forum and the defendant's contact with the forum is the result of purposeful contact, not merely unilateral activity by the plaintiff. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980). The defendant may also establish minimum contacts with the forum if it has purposefully availed itself of the privilege of conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

  General jurisdiction exists when the defendant's contact with the forum does not provide the basis for the cause of action, but the defendant has continuous and systematic contacts with the forum. *See Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437,

5

445 (1952) (stating that continuous and systematic activities such as directors' meetings, business correspondence, banking, stock transfers and others were sufficient to confer general jurisdiction); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987).

If the requirement of minimum contacts has been satisfied, the court must also address whether exercise of jurisdiction would comport with notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Notions of fair play and substantial justice require that the defendant's conduct in the forum state be such that the defendant may reasonably anticipate being haled into court in the forum state. *World-Wide Volkswagen*, 444 U.S. at 291. This determination is made by examining five factors: 1) the defendant's burden; 2) the forum state's interest; 3) the plaintiff's interest in convenient and effective relief; 4) the judicial system's interest in efficient resolution of controversies; and 5) the state's shared interest in furthering fundamental social policies. *Id*. at 292.

### III. Discussion

Plaintiff has asserted that both general jurisdiction and special jurisdiction exist over Heerema. This Court examines both claims and finds that Plaintiff has not established a prima facie case of either general or specific jurisdiction.

#### A. General Jurisdiction

In this case, there has been no showing that Heerema, a foreign corporation with its headquarters in Holland, which was not a party to the contract at issue in this case, had continuous and systematic contacts with the forum state. Plaintiff asserts three bases for its contention that Heerema had continuous and systematic contacts: (1) Heerema had at

least one company representative or employee in Texas off and on for almost two years; (2) Heerema entered into a joint venture agreement with ABB Lummus, a Texas Company, and (3) Heerema visited Houston each year for the Offshore Technology Conference. None of these factors, either singly or in combination, constitutes the continuous and systematic contacts with this forum that are required for an exercise of general jurisdiction over Heerema.

Continuous and systematic contacts have been found where a corporation has temporarily relocated its principal place of business to a forum state by conducting meetings in the state, maintaining records and bank accounts in the forum state and making all important business decisions in the forum state. *Perkins,* 342 U.S. at 445. However, less substantial contacts have been found insufficient to support general jurisdiction. In *Central Freight Lines, Inc. v. APA Transport Corp.*, APA arranged and received shipments to and from Texas and sent sales people to the forum on a regular basis to develop business, negotiate contracts and service national accounts. 322 F.3d 376, 381 (5th Cir. 2003). The court said, "Even if APA's contacts with the state of Texas have been in some sense 'continuous and systematic,' APA's activities, *in toto*, are clearly not substantial enough to justify subjecting APA to suit in the Western District of Texas based on a theory of general personal jurisdiction." *Id*.; *see Wilson v. Belin*, 20 F.3d 644, 649-51 (5th Cir. 1994) (holding similarly that the court lacked general personal jurisdiction over the defendant, despite the fact that defendant had a relationship with a Texas law firm and engaged in various professional and pro bono projects in the State over a period of several years).

Heerema's contacts with Texas are definitely less substantial that those in *Perkins*, and even fall short of the contacts that were found insufficient in *Central Freight Lines*. Having a small number of employees in the forum temporarily, visiting the forum once a year for a conference, and a single contract with a company in the forum, which is unrelated to this suit, are all insubstantial, and fall short of being continuous and systematic. There is no general jurisdiction under these facts.

**B. Specific Jurisdiction**

Plaintiff asserts three bases for specific jurisdiction: (1) the contractual relationship between ABB and Heerema; (2) the pre-project contacts of Heerema in the forum; and (3) the contacts with the forum during the project by Mr. Gilburt.

FMC's argument that Texans visiting Holland in relation to the project constituted a contact sufficient to confer jurisdiction is flawed. The inquiry for personal jurisdiction is whether the defendant has directed its activities at the residents of the forum and whether the alleged injuries arise out of or relate to the *defendant's* activities directed at *the forum*. *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992) (emphasis added) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1984)). Thus, any activities by the plaintiff directed at a different forum are irrelevant. Furthermore, a plaintiff cannot unilaterally make the defendant amenable to jurisdiction within the forum. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 417 (1984). Therefore, Plaintiff's argument that the visits of Texans to Holland supports an exercise of jurisdiction over Heerema in this case is without merit.

Plaintiff's argument that the contract between Heerema and ABB is sufficient to make Heerema subject to this Court's jurisdiction is flawed as well. It is true that a

defendant may subject itself to jurisdiction within a forum by reaching out to the forum state via a contract with a plaintiff within that forum. *Central Freight Lines*, 322 F.3d at 382. However, the fundamental tenet of specific jurisdiction still applies—that the contact with the forum must arise out of or be related to the cause of action. *See RAR, Inc.* v. *Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (stating that the suit must arise out of or relate to the contacts with the forum, and that the "minimum contacts" cannot simply be an aggregate of all of a defendant's contacts with the forum state). Thus, if ABB had sued Heerema on the contract between those two companies, this court would have specific jurisdiction. But in this case, the contract giving rise to the cause of action is between JV and FMC. Therefore the contract between Heerema and ABB cannot support an exercise of jurisdiction over Heerema.

As to plaintiff's argument that Heerema's pre-project contacts with the forum are sufficient to confer jurisdiction, such an argument is similarly lacking. FMC points to four contacts Heerema had in Texas prior to the beginning of the project: (1) meetings with ABB to review contract specifications relating to the joint venture, (2) brief trips by three Heerema employees or agents in the fourth quarter of 2000, (3) preparing a proposal for Esso and meeting with Esso, (4) meeting with ABB to "hammer out" JV contract issues. All of these things happened before the formation of the contract which is the basis of this lawsuit. Therefore, the question arises, how close must the causal connection be between the contact with the forum and the cause of action? The United States Supreme Court has not answered this question, and indeed purposefully avoided answering it in *Helicopteros Nacionales de Colombia v. Hall.* 466 U.S. 408, 415 n.10 (1984). The Fifth Circuit appears to have adopted a "but-for" causation test to determine

9

if the contact is sufficiently related to the plaintiff's cause of action. *See Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 n.21 (5th Cir. 1981) (finding that a contractual contact can be the "but for" causative factor of a tort cause of action, and could provide a sufficient nexus between the contact and the cause of action). The Fifth Circuit has not been rigid in applying a but-for test. In *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992), the Fifth Circuit reversed a lower court's decision to exercise jurisdiction based on the fact that defendant's actions inside the state of Texas were at least partially responsible for bringing plaintiffs to Ohio, where the events giving rise to the cause of action occurred. The plaintiffs complained of violations of federal labor law by employers in Ohio. *Id.* at 203 n.1. The plaintiffs were, however, residents of Texas and had been recruited in Texas to work at the farm in Ohio, where the events giving rise to the causes of action occurred. *Id*. While it was true that the workers would not have been employed with the defendants in Ohio were it not for their activities in Texas, the Fifth Circuit implicitly rejected a pure but-for analysis of the relationship between the contacts and the cause of action. The court simply stated that "plaintiff's cause of action is not based upon any contract tort or recruitment in Texas, but upon the alleged violation of two federal statutes arising solely out of their employment in Ohio." *Id.* at 205. Thus, the Fifth Circuit seems to use a common sense approach, rather than a but-for test, to decide whether the contacts are too attenuated from the cause of action.

      In this case, each of the pre-project contacts relate to something other than the contract between FMC and JV. They relate to other contracts and other relationships. Based on the guidance available from the Fifth Circuit, such contacts are too attenuated

10

from the contract that is the subject of the dispute in this case.  Therefore, specific jurisdiction also cannot be based on Heerema's pre-project contacts with the forum.

FMC's final argument, that specific jurisdiction is appropriate because of Heerema's contacts, via Mr. Peter Gilburt, with the forum during the project, also fails. A corporation makes contact with a forum via its agents.  *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002) (holding that nonresident farm employer whose agent recruited migrant farm workers locally was subject to local jurisdiction in action based on their work in another state).  Here, FMC maintains that Mr. Gilburt was a representative of Heerema, and acted as such when he oversaw the construction of the top sides of the platform, which included, among other components, the FMC manifolds.

As set forth above, however, the party invoking the jurisdiction of the federal court has the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant.  *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).  Here, FMC, as the plaintiff, has the burden of producing evidence that would show that Mr. Gilburt was actually Heerema's agent during his time in Houston.  Heerema contends in its special appearance and motion to dismiss that Mr. Gilburt was an agent of JV, rather than Heerema.  FMC has not produced any evidence to the contrary.  In its response to Heerema's special appearance, FMC impliedly asserts that Mr. Gilburt acted for Heerema, but points to no affirmative evidence that would establish on whose behalf Gilburt was acting while in Houston.  Therefore, this Court finds that FMC has failed to

meet its burden of proving a prima facie case for the exercise of jurisdiction based upon Mr. Gilburt's contacts with the forum.

IV.     **Conclusion**

Because FMC failed to show that Heerema had sufficient minimum contacts with the forum, it is

ORDERED that Heerema's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 18) is GRANTED.

Signed at Houston, Texas, this 22nd day of July, 2005.

_____
Frances H. Stacy
United States Magistrate Judge